**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **FREDRICK TILLMON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO.  05-159-GPM** |
| | ) | |
| **EUGENE McADORY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

Plaintiff, formerly an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

F<span></span>ACTS A<span></span>LLEGED

Plaintiff states that on March 6, 2003, he declared a hunger strike because he was afraid his cell mate was going to harm him.  Defendants Holder and Bookman[1] directed Plaintiff to cuff while they fed his cell mate.  It appears that Plaintiff then refused to cooperate when they wanted to remove the cuffs, so instead they directed his cell mate, Henry Barrow, to cuff up.  Once Barrow was also in cuffs, Bookman and Holder entered the cell.  Plaintiff claims that Holder pushed him up against the wall, while Bookman put his hand around Plaintiff's throat and banged his head against the wall.  Defendants then moved Plaintiff to another cell.

After being placed in the new cell, Plaintiff complained to Holder and Bookman about a knot on his head that was causing him pain, but they ignored his request for medical attention.  Later that day, Plaintiff complained in turn to Defendants Lockhead, Welborn, Robertson, Petherick, and McDaniey about the incident.  He was told to fill out a sick call request, and he was subsequently provided with pain medication later than day.

Almost three weeks later, on March 25, Plaintiff told Defendant Nurse Moore[2] that he wished to see a doctor.  Moore quickly looked at Plaintiff's head and decided that a doctor visit was unnecessary, as Plaintiff "looked fine."  Plaintiff also wrote to Defendants Grubman, McAdory, Captain Moore, and Maue regarding this incident, but he received no response to his letters and grievances.

---

[1]  This Defendant is referred to both as *Bookman* and *Brookman* in the complaint.  He is listed in the docket as *Bookman*, and that is the spelling the Court will use unless otherwise corrected by one of the parties.

[2]  Two defendants named Moore are named in this action – one is a female captain, the other is a male nurse.  In the text of the complaint, Plaintiff spells the male defendant's name as *Morre* (perhaps to distinguish the two?).

Out of this scenario, Plaintiff presents two separate claims.

## COUNT 1

Plaintiff first asserts that Holder and Bookman subjected him to the use of excessive force in violation of his rights under the Eighth Amendment.  The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7.  An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Based on the allegations in the complaint, the Court is unable to dismiss Count 1 against Holder and Bookman at this point in the litigation.  *See* 28 U.S.C. § 1915A.

## COUNT 2

Plaintiff alleges that he was denied medical treatment for his sore head in violation of his rights under the Eighth Amendment.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of

prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v.
Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a
broader range of conduct than intentional denial of necessary medical treatment, but it stops short
of "negligen[ce] in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106. *See also
Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996),
*cert. denied*, 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore
> must satisfy two requirements. The first one is an objective standard: "[T]he
> deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S.
> at —, 114 S. Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act
> or omission must result in the denial of the minimal civilized measure of life's
> necessities." *Id.* The second requirement is a subjective one: "[A] prison official
> must have a 'sufficiently culpable state of mind,'" one that the Court has defined as
> "deliberate indifference." *Id.; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S. Ct.
> 995, 998, 117 L. Ed. 2d 156 (1992) ("[T]he appropriate inquiry when an inmate
> alleges that prison officials failed to attend to serious medical needs is whether the
> officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104,
> 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) ("[D]eliberate indifference to serious
> medical needs of prisoners constitutes the 'unnecessary and wanton infliction of
> pain.'").

*Vance v. Peters*, 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied*, 520 U.S. 1230 (1997). However,
the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth
Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed
> to act believing that harm actually would befall an inmate; it is enough that the
> official acted or failed to act despite his knowledge of a substantial risk of serious
> harm.... Whether a prison official had the requisite knowledge of a substantial risk
> is a question of fact subject to demonstration in the usual ways, including inference
> from circumstantial evidence, … and a factfinder may conclude that a prison official
> knew of a substantial risk from the very fact that the risk was obvious.

*Farmer*, 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the

denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied*, 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179; *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995).

In this case, Plaintiff merely alleges Defendants Bookman, Holder, Lockhead, Welborn, Robertson, Petherick, McDaniey, and Nurse Moore did not take him to the medical unit upon request. He makes no allegations to suggest that any of them acted with the requisite mental intent. Allegations of "refusal" to provide medical care, without more, will not establish deliberate indifference, nor will delay, even if serious injury results. *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987).

He also alleges that Grubman, Captain Moore, McAdory, and Maue failed to respond appropriately to his letters and grievances over this matter. Such an allegation does not suggest deliberate indifference on the part of any of these Defendants. Furthermore, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). *See also Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

Accordingly, Plaintiff has not presented a viable claim against any Defendant under the Eighth Amendment for deliberate indifference to his serious medical needs, and Count 2 is dismissed from this action with prejudice.

<u>OTHER DEFENDANTS</u>

Plaintiff also lists Counselor Ryan as a defendant in this action, but the statement of claim does not include any allegations against Ryan. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Ryan is dismissed from this action with prejudice.

<u>DISPOSITION</u>

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **GRUBMAN, LOCKHEAD, MAUE, McADORY, McDANIEY, CAPT. MOORE, NURSE MOORE, PETHERICK, ROBERTSON, RYAN,** and **WELBORN** are **DISMISSED** from this action with prejudice.

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **BOOKMAN** and **HOLDER**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **BOOKMAN** and **HOLDER** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Illinois Department of Corrections (I.D.O.C.) who

no longer can be found at the work address provided by Plaintiff, I.D.O.C. shall furnish the Marshal

with that Defendant's last-known address upon issuance of a Court order which states that the

information shall be used only for purposes of effectuating service (or for proof of service, should

a dispute arise), and any documentation of the address shall be retained only by the Marshal.

Address information obtained from I.D.O.C. pursuant to such order shall not be maintained in the

court file or disclosed by the Marshal.

The United States Marshal shall file returned waivers of service, as well as any requests for

waivers of service that are returned as undelivered, as soon as they are received. If a waiver of

service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the

request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon that defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless that defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon each Defendant or, if appearance has been entered by

counsel, upon their attorneys, a copy of every further pleading or other document submitted for

consideration by this Court. He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to

Defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint.  They shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED:  02/01/07


s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge